CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 DEC 30 PM 1:14
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RAPHAEL GARCIA, JR. | § § | |
| v. | § | 2:13-CV-0019 |
| UNITED STATES OF AMERICA | § § | |

**REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
AND TO REINSTATE JUDGMENT IN CRIMINAL CASE**

Defendant Raphael Garcia, Jr., has filed with this Court a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons set out hereafter, the undersigned United States Magistrate Judge is of the opinion defendant is entitled to relief and recommends the Motion to Vacate, Set Aside, or Correct Sentence be DISMISSED without prejudice and the Judgment in criminal case 2:11-CR-058 be reinstated so as to allow defendant the opportunity to file an out-of-time appeal.

I.
PROCEDURAL BACKGROUND

On October 17, 2011, in criminal case 2:11-CR-058, defendant was charged by complaint in the Northern District of Texas, Amarillo Division, with the felony offense of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On October 25, 2011, counsel was appointed to represent defendant. A felony information was filed on November 15, 2011, charging defendant with possession with intent to distribute less than 50 grams of a substance containing a detectable amount of methamphetamine

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On November 23, 2011, defendant waived indictment and consented to proceeding on an information.

On November 23, 2011, the factual resume and the plea agreement were filed and defendant pled guilty to the possession offense charged by information. The presentence investigation report (PSR) was filed on December 28, 2011. On January 31, 2012, the United States District Judge sentenced defendant to a term of 160 months' imprisonment with a three-year term of supervised release. A mandatory special assessment of $100.00 was levied and Judgment was entered that same date of January 31, 2012.

Defendant did not appeal his conviction and sentence. On February 4, 2013, defendant filed the instant motion to vacate challenging his conviction and sentence. The government filed a response in opposition to the motion to vacate on March 14, 2013. Defendant did not file a reply to the government's response.

## II.
## DEFENDANT'S ALLEGATIONS

Defendant appears to contend he is being held in violation of the Constitution and laws of the United States. Specifically, defendant asserts he received ineffective assistance of counsel, because counsel failed to file an appeal. Defendant also alleges he was led to believe he was pleading to an offense involving 7.5 grams of methamphetamine. Defendant states counsel told him he would receive no more than nine years of imprisonment.

III.
INEFFECTIVE ASSISTANCE OF COUNSEL -
FAILURE TO FILE A NOTICE OF APPEAL

A. Evidentiary Hearing

Defendant contends defense counsel did not file an appeal on defendant's behalf. On July 15, 2015, the Court conducted an evidentiary hearing on the claim of ineffective assistance for failing to file a notice of appeal. At the hearing, defendant was represented by counsel appointed by the Court. Defendant, his sister, and trial counsel testified.

Defendant testified the Judge advised defendant of the right to appeal. Right after sentencing, while still in the courtroom, defendant told counsel he wanted counsel to appeal, and he told counsel to file an appeal. Counsel said he would visit defendant in a couple of days to see what they would appeal. According to defendant, counsel did not visit or call defendant in the fourteen-day period for filing an appeal. Defendant asked his sister to contact counsel, so counsel could talk with defendant or file the appeal. Defendant wrote a letter to counsel dated February 20, 2012, which was introduced into evidence at the evidentiary hearing. Defendant's February 20 letter stated, "[P]lease take the time to file this motion of appeal." Counsel responded with a letter dated February 24, 2012, which was also introduced into evidence at the evidentiary hearing. Counsel's February 24 letter explained some legal issues about the sentencing guidelines. The letter also stated, "I do not know what there is to appeal in this case." As a result of this letter, defendant did not think counsel was going to file an appeal. Defendant testified he wanted to appeal.

Defendant's sister testified she heard defendant tell counsel after sentencing that he wanted to appeal. At some point after sentencing, defendant called his sister and asked her to

contact counsel regarding defendant's desire to appeal. Defendant's sister testified she called counsel's office and spoke with counsel's secretary or left a message on four occasions, telling counsel's secretary that defendant wanted to appeal. According to the testimony of defendant's sister, calls were made on the day of sentencing, on February 9, on February 16, and on February 23. Phone records support the testimony that defendant's sister called counsel's office on February 9, February 16, and February 23.

Trial counsel testified that while in the courtroom defendant said he wanted to appeal. Counsel told defendant there was a very limited time to appeal. Counsel informed defendant he had until the first week in February to appeal. Counsel provided defendant this deadline, which was earlier than the fourteen-day deadline, so counsel would not have to appeal at the last minute. Counsel told defendant they would talk about an appeal. At some point before the fourteen-day period to appeal expired, counsel and defendant had a telephone conversation. Counsel expressed his concern that an appeal would not beneficial to petitioner. Counsel told defendant he needed a basis for an appeal. In response, defendant referred to other transactions, or, as they had discussed, relevant conduct taken into account at sentencing. Counsel told defendant he had explained to defendant the matter of relevant conduct. Counsel thinks defendant said, "Okay." While defendant did not tell counsel to file an appeal anyway, defendant did not tell counsel to not file an appeal. Counsel thought defendant understood there was no merit to an appeal. Counsel testified he was left with the "distinct impression" that defendant was following counsel's advice.

A notice of appeal must be filed within fourteen days after the entry of the judgment. Fed. R. App. P. 4(b)(1)(A). Defendant's judgment was entered January 31, 2012, making a

notice of appeal due no later than February 14, 2012.

### B. Standard - Ineffective Assistance of Counsel for Failure to File Notice of Appeal

The proper standard for judging a defendant's contention he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test applies equally to the review of both trial and appellate proceedings. *Hughes v. Booker*, 220 F.3d 346, 348 (5th Cir.2000). Under the two-pronged *Strickland* standard, a defendant must show defense counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. An attorney's performance is deficient if the attorney made errors so serious he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *Id.*, 104 S.Ct. at 2064. Counsel's performance is viewed from counsel's perspective at the time of trial, not from hindsight. *Id.*, 104 S.Ct. at 2064. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.*, 104 S.Ct. at 2064. A defendant asserting his attorney's performance was ineffective "has the burden to prove ineffectiveness by a preponderance of the evidence." *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir.2000).

In cases regarding ineffective assistance of counsel in securing an appeal, the Supreme Court has held that when a defendant instructs trial counsel to file a notice of appeal, counsel must file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000). When a defendant has expressed an interest in appealing, counsel must consult with the defendant about an appeal, which means "advising the defendant about the

advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal" *Id.* at 478, 120 S.Ct. at 1035; *United States v. Pham*, 722 F.3d 320, 323-24 (5th Cir. 2013). Even if an appeal would not have any merit, an attorney's failure to file a requested notice of appeal is per se ineffective assistance of counsel. *Id.* at 477, 120 S.Ct. at 1035. A defendant can satisfy the prejudice prong by demonstrating that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, [defendant] would have timely appealed." *Id.* at 484, 120 S.Ct. at 1038. "[C]ourts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 477, 120 S. Ct. at 1034-35. When a defendant is denied the opportunity to appeal due to ineffective assistance of counsel, the defendant is entitled to an out-of-time appeal. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).

C. Analysis

In the present case, right after sentencing, defendant informed counsel he wanted to appeal. Counsel informed defendant of the applicable time limit and told defendant he (counsel) would discuss the appeal. Later, but within the period of time to appeal, counsel did discuss an appeal with defendant. Although counsel could have fulfilled his constitutional duties by filing a notice of appeal on defendant's behalf based on defendant's expressed wish to appeal, counsel took the extra step of first consulting with defendant about an appeal. Counsel pointed out disadvantages of an appeal, and counsel explained why he believed there was no merit to an

appeal. By consulting with a defendant about an appeal, an attorney gives a defendant the opportunity to change his or her mind about an appeal if it is disadvantageous to appeal or if a defendant chooses not to pursue a frivolous appeal. Such consultation is commendable and complies with the guidance provided by case law.

However, when an attorney consults with and advises a defendant about an appeal, the attorney must make a "reasonable effort to discover the defendant's wishes." *Id.* at 478, 120 S.Ct. at 1035; *United States v. Pham*, 722 F.3d at 323. If an attorney does not complete a consultation by making a reasonable effort to determine whether the defendant wants to appeal, and the defendant demonstrates prejudice, the defendant is entitled to an out-of-time appeal. *Thompson v. United States*, 504 F.2d 1203, 1206-07 (11th Cir. 2007); *Frazer v. South Carolina*, 430 F.3d 696, 710-12 (4th Cir. 2004).

In *Thompson*, trial counsel told Thompson he did not think an appeal would be successful or worthwhile. *Thompson*, 504 F.3d at 1207. Thompson said, "Fine." *Id.* The Eleventh Circuit Court of Appeals held this was not adequate consultation, because counsel did not make a reasonable effort to discover Thompson's wishes regarding an appeal. *Id.*

In the present case, after counsel explained the disadvantages and lack of merit of an appeal, counsel thought defendant said, "Okay." From this, counsel was left with a distinct impression that defendant wanted to follow counsel's advice and not appeal. However, as in *Thompson*, defendant's decision regarding an appeal was not made clear. Here, defendant had previously said he wanted to appeal, and he never unambiguously expressed to counsel that he changed his mind and no longer wanted to appeal. There appears to have been a misunderstanding between defendant and trial counsel about whether to appeal. This type of

misunderstanding and miscommunication about an appeal "between a lawyer and his client . . . will inevitably happen if one practices law long enough." *Holloway v. United States*, Nos. 6:08-CV-100 & 6:06-CR-026, 2009 WL 2340686 (S.D. Ga. July 27, 2009).

In *United States v. Bejarano*, 751 F.3d 280 (5th Cir. 2014), the defendants asked trial counsel whether they could appeal. Counsel said there was nothing to appeal. Defendants argued on appeal that counsel did not explain the advantages and disadvantages of appealing. The Fifth Circuit Court of Appeals held defendants did not show there was a reasonable probability they would have appealed, because defendants never said they wanted to appeal, and the District Court found defendants' testimony that they would have appealed was self-serving and implausible. *Id.* at 286-87. The Fifth Circuit distinguished this case from *United States v. Rivas*, 450 F. App'x 420 (5th Cir. 2011), in which Rivas instructed counsel to appeal.

In *Kendrix v. United States*, Nos. 3:11-CV-2866 & 3:06-CR-350, 2012 WL 3101296 (N.D. Tex. July 31, 2012), the defendant first told counsel he wanted to appeal. After a consultation with trial counsel, defendant told counsel he no longer wanted to appeal. The District Court held the defendant had not shown he was entitled to an out-of-time appeal.

In the present case, regarding prejudice, like *Rivas* and unlike *Bejarano* and *Kendrix*, defendant told counsel he wanted to appeal, and he never told counsel he no longer wanted to appeal. Defendant's last clear directive was that counsel should appeal. Defendant has shown there is a reasonable probability that he would have appealed. Defendant is entitled to an out-of-time appeal.

In instances where a district court concludes relief in the form of an out-of-time appeal is warranted on a 28 U.S.C. § 2255 motion, the district court should dismiss without prejudice the

§ 2255 motion, grant an out-of-time appeal, and reinstate the criminal judgment on the docket. *United States v. West*, 240 F.3d 456, 462 (5th Cir.2001). Defendant's remaining claim should thereby be dismissed without prejudice to defendant's raising that claim on appeal or in a new § 2255 motion after an appeal. *See United States v. Cuevas*, Nos. 1:13-CV-404 & 1:12-CR-33, 2014 WL 1922742 at *3 (S.D. Miss. May 14, 2014) (citing *United States v. West*, 240 F.3d at 462).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant RAPHAEL GARCIA, JR., be DISMISSED without prejudice, defendant be granted an out-of-time appeal, and the judgment in the criminal case, number 2:11–CR–058, be reinstated.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of December, 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).